Jeff P. Prostok
State Bar No. 16352500
Clarke V. Rogers
State Bar No. 24052901
FORSHEY & PROSTOK LLP
777 Main St., Suite 1290
Ft. Worth, TX 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151

-and-

Ernest (Skip) Reynolds III
State Bar No. 16806300
Law Offices of Ernest (Skip) Reynolds III
314 Main Street, Suite 202
Fort Worth, TX 76102-7423
Telephone: (817) 332-8850
Fax: (817) 332-8851

ATTORNEYS FOR BRYAN PHELAN AND COLLEEN PHELAN

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| ARMAN K. ALCORN | § § | Case No. 13-34977-sgj13 |
| Debtor. | § § | Chapter 13 |
| | § § § | **Preliminary Hearing:** December 23, 2014, at 1:30 p.m. |

### MOTION FOR RELIEF FROM STAY TO ALLOW STATE COURT LAWSUIT TO PROCEED

PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.

ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT U.S. BANKRUPTCY COURT
EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE ST., RM. 1254, DALLAS, TX 75242-1496 BEFORE CLOSE OF BUSINESS ON DECEMBER 17, 2014, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.

TO THE HONORABLE STACEY G. JERNIGAN, UNITED STATES BANKRUPTCY JUDGE:

-1-

COME NOW Bryan and Colleen Phelan (collectively, "Movants") and file this Motion for Relief from Stay to Allow State Court Lawsuit to Proceed ("Motion") pursuant to section 362(d) of the Bankruptcy Code[1] and in support thereof would respectfully show the Court as follows:

### Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and venue of the Motion is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409.

### Background

2. Movants filed a civil lawsuit against Rachal Henderson ("Henderson")[2] and Arman Alcorn (the "Debtor") in state district court in Dallas County, Texas, April 23, 2014. The lawsuit is styled *Mr. and Mrs. Bryan Phelan v. Armon Kinunta Alcorn and Rachal Henderson*; Cause No. DC14-04314 in the District Court for the 193rd Judicial District, Dallas County, Texas (the "State Court Lawsuit"). The State Court Lawsuit arises from a motor vehicle collision that occurred in Dallas County, Texas, on May 13, 2012. In the State Court Lawsuit, Movants seek damages for, *inter alia*, damage to personal property (other than auto), medical care expenses, and personal injury caused by operation of a motor vehicle.

3. The Debtor is insured by Infinity Insurance (the "Insurer"), and his Insurer has paid, and will pay, all of the costs and expenses (including all attorney's fees) incurred in connection with Debtor's defense in the State Court Lawsuit. After the date of the collision but before the filing of the State Court Lawsuit, the Insurer paid for a total loss to the Movants' automobile. In the event that Movants prevail in the State Court Lawsuit, they will seek to recover any damages awarded to them solely from the Insurer.

4. On September 30, 2013, the Debtor commenced the above-styled bankruptcy case under chapter 13 of the Bankruptcy Code. However, Movants received no notice of the

---

[1] 11 U.S.C. §§ 101–1532.

[2] Henderson was the owner of the motor vehicle that collided with the Movants' vehicle and was a passenger in the vehicle at the time of the collision. The Debtor was driving Henderson's vehicle at the time of the collision. The Insurer (as defined below) provides insurance coverage for both Henderson and the Debtor. Moreover, Henderson and the Debtor are jointly represented by the same counsel in the State Court Lawsuit.

-2-

Debtor's bankruptcy filing and were not aware of the Debtor's bankruptcy case until August 11, 2014, when a suggestion of bankruptcy was filed in the State Court Lawsuit. As a result of the suggestion of bankruptcy, the state court has administratively closed the State Court Lawsuit.

5. The parties engaged in extensive settlement discussions and communication both before and after the filing of the State Court Lawsuit. Prior to the administrative closing of the State Court Lawsuit, the state court judge appointed a mediator; however, the case has not yet been mediated. The parties and the mediator have tentatively agreed to resolve the State Court Lawsuit by informal arbitration, whereby the mediator would act as the arbitrator and would make an award limited by certain "high dollar" and "low dollar" brackets, with the "high dollar" amount being well below the limit of the Debtor's insurance policy with the Insurer. The Insurer would then pay Movants the amount awarded by the arbitrator.

### Relief Requested and Basis Therefor

6. By this Motion, Movants request that the Court enter an order lifting the automatic stay to allow the State Court Lawsuit to proceed to allow Movants to liquidate their claims so that they may collect from the Insurer.

7. Section 362 of the Bankruptcy Code provides in relevant part as follows:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest…

11 U.S.C. § 362(d)(1). While the "cause" referred to in section 362(d)(1) is not defined in the Bankruptcy Code, the legislative history provides that a need for litigation to proceed in another forum may constitute cause for relief from the automatic stay. *In re Laventhol & Horwath*, 139 B.R. 109, 116 (S.D.N.Y. 1992) (citing H.R. REP. NO. 95-595, at 343-44 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6300); *see also In re Consol. Fgh Liquidating Trust*, 419 B.R. 636, 647 (Bankr. S.D. Miss. 2009) (citing *In re Curtis*, 40 B.R. 795, 799 (Bankr. D. Utah 1984)). In such

cases, courts have held that once the party seeking relief from the stay establishes a legally sufficient basis for granting the relief, the party opposing the relief sought has the burden of demonstrating that the stay should not be lifted. See In re Blythe, No. 02-40898-DML-7, 2002 Bankr. LEXIS 1974, at *9 (Bankr. N.D. Tex. Dec. 18, 2002) (citing Mooney v. Gill, 310 B.R. 543, 547 (N.D. Tex. 2002)). The decision of whether to lift the stay is left to the Bankruptcy Court's discretion and is determined on a case-by-case basis. Id.

12. In the Blythe case, the court enumerated several factors that courts are to consider in deciding whether to lift the automatic stay to allow litigation to proceed in another forum. These factors include: (1) whether the relief sought would result in a complete resolution of the issues; (2) lack of any interference with the bankruptcy case; (3) whether litigation in another forum would prejudice the interests of other creditors; (4) the interests of judicial economy and the expeditious and economical resolution of the litigation; (5) whether the parties are ready for trial in the other proceeding; and (6) the impact of the continuation of the stay and the balance of the harms. Id. at *9-10.

13. Applying the foregoing factors to the current case, it is clear that the stay should be lifted to allow the State Court Lawsuit to proceed. Movants seek relief from the stay to allow them to liquidate their claims for the sole purpose of collecting from the Insurer. As noted above, the parties and the mediator have tentatively agreed to resolve the State Court Lawsuit by informal arbitration, whereby the mediator would act as the arbitrator and would make an award limited by certain "high dollar" and "low dollar" brackets, with the "high dollar" amount being well below the limit of the Debtor's insurance policy with the Insurer. Thus, unlike in Blythe where the court held that lifting the stay would not completely resolve the issues because the movants had filed a nondischargeability action in the bankruptcy case,[3] allowing the State Court Lawsuit to proceed will result in a complete resolution of the issues between Movants and the Debtor. Because Movants seek to recover solely from the Insurer, the issue of the

---

[3] See In re Blythe, 2002 Bankr. LEXIS 1974 at *10.

-4-

nondischargeability of Movants' claims is not expected to arise in the present case. Thus, Movants' claims can be fully and completely adjudicated in the State Court Lawsuit, and granting the Motion will result in a complete resolution of the issues.

14. The remaining factors also favor lifting the automatic stay. As in the *Blythe* case, the Debtor has separate trial counsel to defend him in the State Court Lawsuit, and, therefore, lifting the stay will have a minimal effect, if any, on the administration of the Debtor's bankruptcy case. *See In re Blythe*, 2002 Bankr. LEXIS 1974 at *10-11. Moreover, because Movants intend to look solely to the Insurer for recovery of their claims and the Insurer is covering all of the costs and expenses associated with the Debtor's defense, the liquidation of Movants' claims through the arbitration or trial of the State Court Lawsuit will not prejudice other creditors. Furthermore, lifting the stay to allow the State Court Lawsuit to proceed would serve the interests of judicial economy and the expeditious and economical resolution of the litigation. As previously stated, the parties have tentatively agreed to an informal arbitration procedure that will result in the prompt and economical resolution of the State Court Lawsuit. Finally, the balancing of the equities favors lifting the stay to allow the State Court Lawsuit to proceed. Movants deserve the opportunity to test the merits of their case in their chosen forum and to recover all amounts to which they are entitled from the Insurer. It would be both patently unfair and purposeless to require Movants to wait until the Debtor's bankruptcy case is concluded before they can proceed with the State Court Lawsuit in order to recover from the Insurer.[4] Indeed, the attorney representing the Debtor in the State Court Lawsuit supports the relief

---

[4] Even if the Debtor were to complete his plan payments and receive a discharge, the Fifth Circuit has clearly held that a plaintiff may proceed with a lawsuit against a discharged debtor as a nominal defendant in order to recover from the debtor's insurance provider. *Houston v. Edgeworth (In re Edgeworth)*, 993 F.2d 51, 54 (5th Cir. 1993) ("[A]s long as the costs of defense are borne by the insurer and there is no execution on judgment against the debtor personally, section 524(a) will not bar a suit against the discharged debtor as the nominal defendant."). *Accord Green v. Welsh*, 956 F.2d 30, 35 (2d Cir. 1992) ("[W]e believe that § 524 permits a plaintiff to proceed against a discharged debtor solely to recover from the debtor's insurer. Applied here, this principle permits Green to continue her suit against the Welshes to establish liability as a precondition to recovery from the Welshes liability insurer."); *In re Jet Florida Systems, Inc.*, 883 F.2d 970, 976 (11th Cir. 1989) (holding that plaintiff may proceed against debtor as a prerequisite for establishing liability on the part of the insurer). Given that the discharge injunction provided for by section 524(a) would not prevent Movants from proceeding with the State Court Lawsuit for the sole purpose of collecting from the Insurer, it makes little sense to keep the automatic stay in effect to prevent them from doing so.

requested in this Motion.

## Conclusion

WHEREFORE, Movants pray that the Court enter an order: (1) granting the Motion and lifting the automatic stay pursuant to Section 362(d)(1) of the Bankruptcy Code; (2) allowing the State Court Lawsuit to proceed immediately for the purpose of the liquidation of Movants' claims so that they may recover from the Insurer; (3) granting Movants all such other and further relief to which they may be justly entitled.

DATED: December 3, 2014          Respectfully Submitted,

/s/ Clarke V. Rogers
Jeff P. Prostok
State Bar No. 16352500
Clarke V. Rogers
State Bar No. 24052901
FORSHEY & PROSTOK, L.L.P.
777 Main Street, Suite 1290
Fort Worth, Texas 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151
jprostok@forsheyprostok.com
crogers@forsheyprostok.com

-and-

Ernest (Skip) Reynolds III
State Bar No. 16806300
Law Offices of Ernest (Skip) Reynolds III
314 Main Street, Suite 202
Fort Worth, TX 76102-7423
Telephone: (817) 332-8850
Fax: (817) 332-8851

ATTORNEYS FOR BRYAN PHELAN
AND COLLEEN PHELAN

## CERTIFICATE OF CONFERENCE

The undersigned certifies that he attempted to confer with Marcus Leinart, bankruptcy counsel for the Debtor, via telephone concerning the merits of this Motion on December 3, 2014. However, Mr. Leinart could not be reached. Accordingly, this Motion is submitted to the Court for consideration.

/s/ Clarke V. Rogers
Clarke V. Rogers

The undersigned certifies that he has conferred with J. Kevin Carey, the attorney representing the Debtor in the State Court Lawsuit, regarding the relief requested in this Motion. Mr. Carey has informed the undersigned that he supports the relief requested in this Motion.

/s/ Ernest (Skip) Reynolds III
Ernest (Skip) Reynolds III

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served upon the parties listed on the attached service list via United States Mail, first class postage prepaid, or via ECF Electronic Notice on the 3rd day of December, 2014.

/s/ Clarke V. Rogers
Clarke V. Rogers

L:\JPROSTOK\Phelan (Skip Reynolds)\Motion for Relief from Stay (Alcorn) (10.20.14).docx

**Arman K. Alcorn, Debtor**
**Service List**
**Phelan #5725**

Armon K. Alcorn
3550 St. Francis Ave., No. 220
Dallas, TX 75228

Marcus B. Leinart
Leinart Law Firm
11520 n. Central Expy, Suite 212
Dallas, TX 75243

Alliance Bank
PO Box 500
Sulphur Springs, TX 75483-0500

PRA Receivables Management LLC
PO Box 41067
Norfolk, VA 23541-1067

Alliance Bank
Po Box 8099
Greenville, TX 75404-8099

Asset Acceptance LLC
Po Box 2036
Warren MI 48090-2036

Baylor
Centralized Business Services
2001 Bryan St., Suite 2600
Dallas, TX 75201-3065

Baylor Med Ctr-Garland
c/o Creditors Bankruptcy Service
PO Box 740933
Dallas, TX 75374-0933

Central Fin Control
PO Box 66044
Anaheim, CA 92816-6044

Texas Comptroller of Public Accts
Rev Acct Div – Bankruptcy Section
PO Box 13528
Austin, TX 78711-3528

Deer Creek Apts.
3550 St. Francis Ave.
Dallas, TX 75228-6133

Dermatology Associates
1367 Dominion Plaza
Tyler, TX 75703-1013

Resurgent Capital Services
PO Box 2568
Greenville, SC 29602-2568

East Texas Medical Center
2000 S. Palestine
Athens, TX 75751-5610

First American Cash Advance
1212 N. State Line Ave. #B
Texarkana, TX 75503

First Convenience Bank
PO Box 937
Killeen, TX 76540-0937

First National Bank
PO Box 909
Killeen, TX 76540-0909

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

Linebarger Goggan, et al.
2323 Bryan St., Suite 1600
Dallas, TX 75201-2637

Medical City Dallas
7777 Forest Lane
Dallas, TX 75230-2594

Office of the Attorney General
Collections Div. – Bankruptcy Sec.
PO Box 12548
Austin, TX 78711-2548

Office of the Attorney General
U.S. Dept. of Justice
950 Pennsylvania Ave NW
Washington, DC 20530-0001

Paramount Recovery
Attn: Bankruptcy
PO Box 788
Lorina, TX 76655-0788

Portfolio Recovery Associates LLC
PO Box 41067
Norfolk, VA 23541-1067

Presbyterian Hospital of Dallas
8200 Walnut Hill Lane
Dallas, TX 75231-4426

Quest Care
PO Box 201611
Dallas, TX 75230-1611

SWEPCO
3708 W. 7th St.
Texarkana, TX 75501-6324

Santander Consumer USA
PO box 961245
Fort Worth, TX 76161-0244

Security Finance Central Bky
PO box 1893
Spartanburg, SC 29304-1893

Southside Bank
1201 S. Beckham Ave.
Tyler, TX 75701-3320

Speedy Cash
3611 N. Ridge Rd.
Wichita, KS 67205-1214

Spring Apts.
12660 Jupiter Rd.
Dallas, TX 75238-3975

Texas Alcoholic Beverage Comm.
License & Permits Div.
PO Box 13127
Austin, TX 78711-3127

Texas Workforce Commission
TEC Bldg. – Bankruptcy
101 East 15th St.
Austin, TX 78778-0001

U.S. Attorney
Northern Dist. of Texas
Burnett Plaza, Suite 1700
801 Cherry St., Unit 4
Fort Worth, TX 76102-6897

U.S. Attorney
1100 Commerce St., 3rd Floor
Dallas, TX 75242-1074

United States Trustee
1100 Commerce St., Room 976
Dallas, TX 75242-0996

Valor Telecom
507 Olive St.
Texarkana, TX 75501-5511

World Finance
4001 N. State Line Ave.
Texarkana, TX 75503-3134

Thomas Powers
125 E. John Carpenter Frwy., Suite 1100
Irving, TX 75062-2288